IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERMON LACY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:12-cv-2738 |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Chase Home Finance, LLC's Motion for Summary Judgment. (Doc. No. 13.) After considering the motions, all responses and replies thereto, and the applicable law, the Court concludes that Defendant's Motion for Summary Judgment must be **DENIED**.

### I.   BACKGROUND

Plaintiff Vermon Lacy brought suit against Defendant Chase Home Finance, LLC for breach of contract regarding Plaintiff's reinstatement of a loan. Plaintiff obtained a mortgage in 2006 from Washington Mutual for the property located at 7619 Serene Avenue, Humble Texas 77338. (Doc. No. 13 p. 2.) Defendant later serviced this mortgage. (Doc. No. 8, "First Amended Complaint", ¶ 5.) Plaintiff claims that, since 2008, Defendant has failed to post payments and credits to the account in a timely and accurate manner. (*Id.*) Additionally, Plaintiff claims Defendant has refused to audit his account to correct errors. (*Id.*)

Defendant attempted to foreclose on the property in January 2012, but Plaintiff obtained a temporary restraining order to prevent the sale in Harris County, Texas under Cause Number 2011-77721 (the "Prior Suit"). (*Id.*) The Prior Suit alleged violation of the Fair Credit Reporting Act and breach of escrow agreement. (Doc. No. 13, Ex. D.) Defendant removed to federal court. In March 2012, the court granted a motion to dismiss with prejudice for failure to state a claim. (*Id.*)

After the dismissal of the Prior Suit, the Property was re-posted for foreclosure on September 4, 2012. (First Amend. Compl. ¶ 7.) Plaintiff claims that he was not aware the property was posted for foreclosure until approximately August 18, 2012. (*Id.*) He alleges that there was no notice of default, opportunity to reinstate, or foreclosure from Defendant as is required by Paragraph 15 of the Deed of Trust. (*Id.*) Plaintiff filed the instant suit, obtaining a second temporary restraining order in state court to prevent the foreclosure sale. (Doc. No. 13 p. 2.) Defendant removed the case. Plaintiff alleges breach of contract claim because Defendant denied Plaintiff his right to reinstate the loan as provided under the Note. (First Amend. Compl. ¶ 9.)

## II.   LEGAL STANDARD

The party seeking summary judgment bears the burden of demonstrating that there is no actual dispute as to any material fact of the case. *Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)); FED. R. CIV. P. 56(a). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th

2

Cir. 2011) (internal quotations omitted). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.*

Furthermore, the summary judgment standard "provides that the mere existence of *some* factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be *genuine* and *material*." *Willis*, 61 F.3d at 315. First, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law are material." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Second, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248).

Conclusory allegations and unsubstantiated assertions do not satisfy the non-movant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment."). "Nor may non-movants rest upon mere allegations made in their pleadings without setting forth specific facts establishing a genuine issue worthy of trial." *Topalian*, 954 F.2d at 1131. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the precise manner in which that evidence support[s][its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal quotation omitted).

### III.     ANALYSIS

#### A.  *Res Judicata*

Defendant argues that summary judgment on Plaintiff's claim is appropriate because Plaintiff's claim is barred by *res judicata*. The doctrine of *res judicata* bars re-litigation of claims that were or could have been raised in a prior action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004). *Res judicata* applies when : (1) the parties in the prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raised the same cause of action in both suits. *Id*. at 313.

To determine whether present and prior suits involved the same cause of action, courts in the Fifth Circuit apply the transactional test, which extends the prior judgment's reclusive effect to all rights of the plaintiff concerning "any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id.* (internal citation omitted.) Thus, the transactional test considers whether the prior action and present action are based on the "same nucleus of operative facts." *Id.* Plaintiff concedes the first three factors of *res judicata*, but argues that, because different claims arising from different facts are brought, *res judicata* should not apply.

First, there is no question that the Prior Suit and the instant suit involve identical parties. Second, the judgment in the Prior Suit was rendered by a court of competent jurisdiction, the Southern District of Texas. Third, the prior judgment was final and on the merits. (Doc. No. 13, Ex. E.) Fourth, Defendant argues that this case involves the same cause of action because all claims alleged in the Complaint arise from the same nucleus of operative facts as alleged in the Prior Suit. Defendant argues that, in both

4

actions, Plaintiff seeks to litigate Defendant's authority to enforce the Note and Deed of Trust and foreclose on the Property based on allegedly misapplied payments. *Compare* Doc. No. 8 *with* Doc. No. 13, Ex. D. However, Plaintiff argues that the Prior Suit sought relief from erroneous credit information furnished by Defendant to the credit reporting agencies with respect to the mortgage, a violation of the Fair Credit Reporting Act ("FCRA"). The instant case involves a breach of contract in violation of the Deed of Trust, which was not raised in the Prior Suit. The Deed of Trust states that the lender will provide notice of the right to reinstate and the amount of arrearage. Plaintiff alleges that Defendant did not do either. (Doc. No. 14 p. 3.)

Defendant responds that *res judicata* bars re-litigation for claims that could have been brought in the Prior Suit, and the breach of contract claim could have been brought in the Prior Suit. Defendant claims that "[a]ny allegation that a notice of default was not sent could have been brought in the first suit." (Doc. No. 15.) However, Defendant's argument is flawed. If Plaintiff's instant suit alleged breach of contract in connection with the first foreclosure sale, which was the subject of the Prior Suit, then Defendant's argument would be correct. However, Plaintiff's instant suit alleges breach of contract in connection with the second planned foreclosure sale, which occurred after the Prior Suit had been dismissed. (Doc. No. 14 p. 2.) Accordingly, Plaintiff's current claim could not have been brought in the Prior Suit. The Fifth Circuit has held that subsequent wrongs by a defendant constitute new causes of action. *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981). Therefore, Plaintiff's breach of contract claim is not barred by *res judicata.*

### B. Breach of Contract Claim

Plaintiff's claims that Defendant breached a contract because it failed to provide him "with notice of his right to reinstate and the amount of arrearage." (Doc. No. 14 p. 3.) Defendant argues that even if Plaintiff's breach of contract claim is not barred by *res judicata*, Defendant is entitled to summary judgment on the claim. Under Texas law, the elements for a breach of contract cause of action are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Chapa v. Chase Home Fin. LLC*, CIV.A. C-10-359, 2010 WL 5186785, *3 (S.D.Tex. Dec. 15, 2010). Defendant argues only prong two, that Plaintiff did not perform under the contract. Though Defendant states that it is "undisputed that Plaintiff defaulted on his payments under the Deed of Trust", it cites no evidence and makes no further argument. It is not clear based on the briefing that default on payments is a breach of the specific portion of the Deed of Trust that provides for notice. Defendant also argues that it provided Plaintiff with a reinstatement quote on October 15, 2012. (Doc. No. 13 p. 6.) However, the foreclosure sale was scheduled for September 4, 2012, nearly a month after the reinstatement quote. Additionally, the suit was filed a month earlier in September 2012, before notice was given. With such sparse briefing, the Court cannot find summary judgment for Defendant on the issue of the breach of contract claim.

### IV. CONCLUSION

For the above stated reasons, Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 18th day of March, 2013.

_____

**KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE**